IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN L. MENDEZ,

    Plaintiff,                     No. CIV-09-3082 GGH P

    vs.

UNKNOWN,

    Defendants.              ORDER

_____/

        Plaintiff is a prisoner in custody in the state of Delaware, proceeding pro se. He purports to seek relief pursuant to 42 U.S.C. § 1985 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's consent to the jurisdiction of the undersigned was filed on November 6, 2009 (Docket # 4).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 1.91 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1         In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4 and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.
5 1843 (1969).
6         This complaint, which is almost completely indecipherable, is wholly violative of
7 Fed. R. Civ. P. 8.  Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal
8 Courts.  <u>See</u> <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are
9 required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and
10 plain statement of the claim showing entitlement to relief; and (3) a demand for the relief
11 plaintiff seeks.  The complaint meets none of these requirements.  Rule 8 requires "sufficient
12 allegations to put defendants fairly on notice of the claims against them."  <u>McKeever v. Block</u>,
13 932 F.2d 795, 798 (9th Cir. 1991)).  <u>Accord</u> <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640,
14 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the
15 notice requirement of  Rule 8.)
16         Plaintiff has not made clear the jurisdictional basis of any claims he may have in
17 this federal court, the Eastern District of California, when he is a prisoner evidently in custody in
18 the state of Delaware.  The putative defendants appear to include, inter alia, "two connected
19 wired members of an international criminal organization" and "the president of Mexico."
20 Complaint, p. 1. Plaintiff raises claims of kidnapping, rape, murder, and torture by apparently a
21 vast but undefined international criminal organization and seeks an unspecified form of
22 restitution and compensation for "all the innocent people that have been and are still being
23 kidnapped, raped...harmed, ...tortured, threatened, blamed,... charged, accus[]ed ..., prosecuted,
24 persecuted, convicted, imprisoned, abused, damaged and murdered...." Id., at 5.  Among the
25 many shortcomings of this purported complaint, plaintiff does not demonstrate how he might
26 have standing to press any claims, even if they were colorable which in their present form they

are not, on behalf of others.  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974).

The deficiencies of this incoherent complaint are such that it is that very rare instance when summary dismissal is called for.  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 1.91.  All fees shall be collected and paid in accordance with this court's order to the Bureau Chief of the Delaware Department of Correction filed concurrently herewith.

3. The complaint is summarily dismissed for the reasons discussed above.

DATED: March 22, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mend3082.b

4